# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 21-cv-2262 SRN/TNL

| | |
|---|---|
| Richard Chang,<br><br>    Plaintiff,<br>v.<br><br>American Honda Finance Corporation and Experian Information Solutions Inc,<br><br>    Defendants. | **AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For his Complaint against American Honda Finance Corporation (hereinafter "Defendant Honda"), Defendant Experian Information Solutions Inc (hereinafter "Defendant Experian") Richard Chang (hereinafter "Plaintiff") states and alleges as follows, based upon his personal knowledge, upon investigations of counsel, and upon information and belief:

## INTRODUCTION

1. This action arises out of Defendant Experian's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), civil theft, trespass to chattel and wrongful conversion of personal property.

## JURISDICTION

2. Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1681 *et seq.* and 28 U.S.C. § 1331 and 28 U.S.C. §1367 for pendent state law claims.

1

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants transact substantial business in this District.

**PARTIES**

4. Plaintiff is natural persons who resides in the city of Brooklyn Park, county of Hennepin, state of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant American Honda is a finance company organized under the laws of the United States, with its principal place of business located at 1919 Torrance Blvd., Torrance, California 90501 with a registered agent of service of Corporation Service Company, 2345 Rice Street, St. Paul, Minnesota. Defendant American Honda regularly conducts business in the State of Minnesota.

6. Defendant Experian is a foreign corporation incorporated under the laws of the state of Ohio, is licensed to do business in the state of Minnesota, regularly conducts business within said State, and has a registered office address located at 1010 Dale St. N, St. Paul, Minnesota 55117. Defendant Experian is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f), regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined by 15 U.S.C. § 1681a(d), to third parties.

## FACTUAL ALLEGATIONS

7. On or about June 23, 2018, Plaintiff obtained a lease from Defendant American Honda for a 2018 Honda Civic VIN #: 19XFC2F51JE033887 (hereinafter "Vehicle"). Plaintiff's agreement with Defendant American Honda to lease the Vehicle required payments through regular monthly installments.

8. Plaintiff's lease with Defendant American Honda was incurred for personal, family, or household purposes.

9. Plaintiff's lease with Defendant American Honda is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

10. Because Plaintiff incurred the debt for personal and family purposes and purchased the Vehicle for personal and family purposes, the entire transaction was a "consumer goods transaction" as defined by Minn. Stat. § 336.9-102(a)(24).

11. Plaintiff received account number 41974**** for his loan with Defendant American Honda.

12. Plaintiff signed up for automatic monthly payments for his loan with Defendant American Honda.

13. All monthly payments were made on time and credited to Plaintiff's account.

14. At no time was Plaintiff ever behind on his monthly payments.

15. For some unknown reason in May 2021, one month before Plaintiff was to return his leased vehicle, Defendant American Honda repossessed Plaintiff's vehicle without notice or warning on or about May 15, 2021.

16. Defendant American Honda realized it illegally took Plaintiff's Vehicle and told Plaintiff's wife as much during telephone communications and advised that due to American Honda's error it would give the Vehicle back to Plaintiff.

17. However, Defendant American Honda did not return the Vehicle to Plaintiff until June 11, 2021, wherein he was forced to take his own personal time to go and retrieved his Vehicle from the repossession agent.

18. On June 19, 2021, went to Brookdale Honda and turned in his vehicle per the lease contract.

19. After the lease ended Plaintiff reviewed his credit report and learned that Defendant American Honda was inaccurately and adversely reporting the repossession and past due payments to the credit reporting agencies, including Defendant Experian.

20. On or about July 1, 2021, Plaintiff submitted dispute letters to the national credit reporting agencies, Trans Union LLC ("TU"), Equifax Information Services LLC ("Equifax") and Defendant Experian, pursuant to 15 U.S.C. § 1681i, stating, in relevant part, that Defendant American Honda was misreporting that Plaintiff had been delinquent with his May 2021 loan payment and that the vehicle was repossessed.

21. TU, Equifax, and Defendant Experian communicated Plaintiff's dispute to Defendant American Honda in automated consumer dispute verification ("ACDV") forms, in apparent accordance with 15 U.S.C. § 1681i(a)(2).

22. In response, Defendant American Honda responded to credit reporting agencies, TU, and Defendant Experian.

23. The Defendant American Honda account was updated to be in good standing, no repossession, and no late payments to TU.

24. Upon information and belief, Defendant American Honda responded to Defendant Experian and had Plaintiff's account updated to reflect that it was in good standing, no repossession, and no late payments too.

25. Despite the above response by Defendant American Honda, Defendant Experian through its investigation in or about July 22, 2021, caused to be deleted the Plaintiff's entire Defendant American Honda tradeline, thereby depriving Plaintiff of a major financial portion of his credit score/profile, in violation of 15 U.S.C. § 1681i.

26. Plaintiff is damaged by the deletion of this Defendant American Honda tradeline that, if correctly reported, is an asset to his credit worthiness and credit score.

27. Since the deletion of his Defendant American Honda tradeline, Defendant Experian has sold his credit report to others without all the information it has in its database concerning Plaintiff in violation of 15 U.S.C. §1681e.

28. In the alternative, Defendant American Honda despite receiving a narrow dispute concerning only certain portions of its tradeline, failed to conduct a reasonable investigation into only those items disputed by Plaintiff and then instructed Defendant Experian to delete the entire tradeline, in violation of 15 U.S.C. §1681s-2(b).

29. The removal of Plaintiff's correct American Honda tradeline has injured Plaintiff as it was a positive tradeline (if reported accurately) that should be an asset to Plaintiff's credit score and profile.

5

30. Plaintiff has suffered actual damages in the form of hopelessness, stress, irritation, loss of sleep, anger, frustration, anxiety, and the weakening of his credit profile, credit worthiness, and credit score, as a direct and proximate result of Defendant Experian's violations of the Fair Credit Reporting Act as described above.

31. Plaintiff contacted Defendant American Honda and had to get documents from his bank (TCF Bank) to prove that Defendant American Honda wrongfully repossessed his vehicle and as a result Defendant American Honda is liable to Plaintiff for conversion, civil theft and trespass to chattel damages.

32. Plaintiff depends on the Vehicle for transportation as it is their primary Vehicle to meet the needs of his family.

33. As a result of Defendant American Honda's actions, Plaintiff has suffered out-of-pocket loss, and loss of the vehicle for about a month's time amounting to approximately $5,000.

34. Defendant American Honda has admitted in response to Plaintiff's Request for Admissions #4, #5 and #7 that (a) Plaintiff made all payments on time to Defendant; (b) Plaintiff was never late in his monthly payments to Defendant; and (c) Defendant failed to properly credit Plaintiff's payments to his account and in fact the payments were credited to the wrong account resulting in the unlawful repossession.

35. Defendant American Honda did not promptly return the vehicle to Plaintiff after being notified of its illegal conduct and instead failed to return the vehicle to Plaintiff for almost 30 days.

36. Moreover, Defendant did not return the vehicle to Plaintiff despite repeated demands and instead Plaintiff was forced to expend his own time, energy and effort to travel in excess of 40 miles to retrieve the vehicle.

37. Defendant American Honda's callous and deliberate refusal to return the vehicle to Plaintiff is further evidence of deliberate disregard of Plaintiffs right to possession.

38. Plaintiff now brings this suit to recover damages.

## TRIAL BY JURY

39. Plaintiff is entitled to, and hereby demands, a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT –
15 U.S.C. § 1681 *et seq*.
AGAINST DEFENDANT EXPERIAN**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendant Experian failed to follow reasonable procedures to assure the maximum possible accuracy of a consumer report regarding Plaintiff in violation of 15 U.S.C. §1681e.

42. Defendant Experian knowingly and intentionally committed an act in conscious disregard for the Plaintiff's rights to the have an accurate credit report available to credit grantors.

43. Defendant Experian owned, maintained and sold/published consumer information about Plaintiff with reckless disregard for its truth or falsity.

44. That this willful action thereby deprived Plaintiff of accurate consumer information stored on Defendant Experian's database.

45. Defendant Experian negligently violated 15 U.S.C. §1681i by failing to follow reasonable investigate Plaintiff's dispute and instead deleted the entire Defendant American Honda tradeline when in fact Plaintiff only disputed a portion thereof.

46. Plaintiff disputed the inaccuracy of the Defendant American Honda tradeline and Defendant Experian by not simply correcting the misinformation but removing the entire account from Plaintiff's credit history, deleted a positive aspect of this account that complimented Plaintiff's credit history, namely, that this account was on time and not late. *Wharram v. Credit Services, Inc.*, 2004 WL 1052970, at *2 (D. Minn. Mar. 12, 2004).

47. Defendant Experian is always and pertinent hereto was aware of the *Wharram* decision cited above.

48. Defendant Experian's conduct, actions, and inactions were willful, rendering it liable for damages in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

49. Alternatively, Defendant Experian's conduct, actions, and inactions were negligent, rendering them liable for damages pursuant to 15 U.S.C. § 1681o.

50. As a result of Defendant Experian's violations of the FCRA, Plaintiff suffered and is entitled to recovery his actual damages including, but not limited to, detriment to his

8

apparent creditworthiness, stress, frustration, anxiety and other forms of mental anguish and emotional distress, and attorney's fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II.

## CONVERSION

### AGAINST DEFENDANT AMERICAN HONDA

51. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

52. Defendant American Honda intentionally interfered with Plaintiff's use of his property without a claim of right by repossessing his Vehicle in violation of Minn. Stat. § 336.9-609.

53. Defendant American Honda intentionally interfered with Plaintiff's use of the property i.e., the Vehicle, without a claim of right by refusing to allow Plaintiff to possession of the Vehicle itself for about a month (May 15, 2021, to June 11, 2021).

54. Plaintiff has suffered an absolute deprivation of his property rights and is entitled to recovery for the full value of the Vehicle and the full value of loss of use of his property due to damages by Defendant American Honda.

## COUNT III.

## CIVIL THEFT

### AGAINST DEFENDANT AMERICAN HONDA

55. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

56. Defendant American Honda intentionally interfered with Plaintiff's use of his property without a claim of right by repossessing his Vehicle in violation of Minn. Stat. § 604.14.

57. Defendant American Honda exercised dominion and control over Plaintiff's Cart without his consent and without the lawful right to do so and with intent to deprive Plaintiff of possession of the Vehicle in violation of Minn. Stat. § 604.14.

58. Plaintiff suffered a loss and actual damages because of Defendant American Honda's conduct, and pursuant to Minn. Stat. § 604.14, is entitled to recover his actual damages, all costs of investigation and litigation that were reasonably incurred, including the value of the time spent by his attorney, and punitive or exemplary damages of not more than three times the actual damages from Defendant American Honda.

## COUNT IV.

## TRESPASS TO CHATTEL

## AGAINST DEFENDANT AMERICAN HONDA

59. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

60. Plaintiff has a common law right and interest in the protection and privacy of his personal property.

61. Defendant American Honda's conduct as described above was an invasion of the private property of Plaintiff during its illegal seizure of the Plaintiff's Vehicle.

62. Defendant American Honda's conduct described above was a trespass to the chattel belonging to Plaintiff, and was unwarranted, unwanted, harmful, and violative of Plaintiff's rights.

63. Plaintiff is entitled to actual damages, punitive damages, and reasonable attorney's fees and costs.

## COUNT V.

## PUNITIVE DAMAGES

## AGAINST DEFENDANT AMERICAN HONDA ONLY

64. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

65. Defendant American Honda's conversion, civil theft and trespass to chattel warrants the imposition of punitive damages, pursuant to Minnesota Statute § 549.20.

66. Defendant American Honda acted willfully or in reckless disregard of the Plaintiff's rights to possession of the automobile.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- an award of actual damages caused by Defendant Experian's violations of the FCRA, pursuant to 15 U.S.C. § 1681n and 1681o;
- an award of punitive damages against Defendant Experian for its willful noncompliance with the FCRA, pursuant to 15 U.S.C. 1681n;
- an award of costs and attorney's fees against Defendant Experian, pursuant to 15 U.S.C. §§ 1681n and 1681o;
- awarding Plaintiff damages and punitive damages caused by Defendant American Honda's conversion of Plaintiff's property;
- Compensation for actual damages, punitive damages, and reasonable attorney's fees and cost for Defendant American Honda's civil theft;

- Compensation for actual damages, punitive damages, and reasonable attorney's fees and cost for Defendant American Honda's trespass to chattels; and
- such other and further relief as the Court may deem just and proper.

Dated this ___ day of March, 2022.

Respectfully submitted,

By: _
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 249646
**CONSUMER JUSTICE CENTER, P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone:  (651) 770-9707
Facsimile:   (651) 704-0907
tommy@consumerjusticecenter.com

***ATTORNEY FOR PLAINTIFF***